UNITED STATES DISTRICT COURT
for the

Eastern District of California



**FILED**

SEP - 2 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| | |
|---|---|
| In the Matter of the Tracking of | ) |
| | ) |
| | )   Case No. |
| A 2016 Cadillac SUV, California license plate 7SJG945, | ) |
| VIN #3GYFNEE33GS577629, registered through the | ) |
| California Department of Motor Vehicles to, ACAR | ) |
| Leasing LTD, Leonard Yang | ) |

**SEALED**

**2: 16 -SW- 5 3 0**

## APPLICATION FOR A TRACKING WARRANT

I, United States Department of Justice, Drug Enforcement Administration (DEA), Special Agent Alicia Ramirez, a federal law enforcement officer, have reason to believe that the vehicle described above has been and likely will continue to be involved in one or more violations of: 21 U.S.C. § 841(a)(1) – Possession with intent to distribute and distribution of marijuana; and 21 U.S.C. §§ 846 and 841(a)(1) – Conspiracy to cultivate and distribute marijuana. Therefore, in furtherance of a criminal investigation, I request authority to install and use one or more tracking devices or use the tracking capabilities of the vehicle described above to determine location. The application is based on the facts set forth on the attached affidavit, fully incorporated herein.

☒ The person, property, or object is located in this district.

☐ The activity in this district relates to domestic or international terrorism.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☒ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

☒ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both: A 2016 CADILLAC SUV, CALIFORNIA LICENSE PLATE 7SJG945, VIN #3GYFNEE33GS577629, REGISTERED THROUGH THE CALIFORNIA DEPARTMENT OF MOTOR VEHICLES TO, ACAR LEASING LTD, LEONARD YANG, whenever the Target Vehicle is located at any of the locations described below:

(1)   the residence of LEONARD YANG, at 1735 ITASCA AVE, SACRAMENTO, CA, 9583 and/or 6340 LOGAN STREET, SACRAMENTO, CALIFORNIA, including by entering of this private property and invading its curtilage, but not any fully enclosed structures, if deemed necessary, in the discretion of the officers executing the tracking device warrant to do so, to safely execute the warrant.; and

(2)   any public place where the Target Vehicle may be found in the Eastern District of California.

☒ Delayed notice of ___30___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_Alicia Ramirez_
_____
*Applicant's signature*

DEA, SA Alicia Ramirez
_____

Sworn to before me and signed in my presence.

Date:   September 2, 2016

_____
*Judge's signature*

City and state:   Sacramento, California

Deborah L. Barnes, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT AND APPLICATION IN SUPPORT OF TRACKER WARRANT

I, Alicia Ramirez, being duly sworn, hereby depose and state:

### INTRODUCTION

1. I make this Affidavit under Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3117 and 28 U.S.C. § 1651 for a tracking device warrant and order authorizing the installation and Global Positioning System (GPS) mobile tracking device (herein "tracking device") for the following Target Vehicle: a 2016 Cadillac SUV, California license plate 7SJG945, VIN #3GYFNEE33GS577629, registered through the California Department of Motor Vehicles to, ACAR Leasing LTD, Leonard Yang, 1735 Itasca Ave, Sacramento, CA, 95833 (herein "**Target Vehicle**").

### AGENT BACKGROUND

2. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

3. I am a Special Agent of the United States Department of Justice, Drug Enforcement Administration (DEA) and have been so employed since August 1987.  I am currently assigned to the DEA Sacramento District Office charged with investigating major drug trafficking rings operating in the Eastern District of California, and elsewhere.  As a DEA Agent, I have assisted in the execution of search warrants on many occasions for controlled substances and/or related paraphernalia, indicia, and other evidence of violations of federal and state drug statutes.  I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, methamphetamine, marijuana, and other controlled substances.

4. Through my training, experience, and interaction with other experienced Special Agents, Task Force Agents, and other drug investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and

distribute drugs, and to collect and conceal drug related proceeds, and to communicate with other participants to accomplish such objectives.

5.  I have received specialized training in narcotic investigation matters including, but not limited to, drug interdiction, drug detection, money laundering techniques and schemes, drug identification, asset identification and removal, and investigative techniques from the DEA. In the course of my duties while at the DEA Sacramento District Office, I have investigated large-scale indoor-marijuana organizations. I have specific experience in successfully identifying clandestine marijuana-growing operations, many of them within residential houses.  I have become familiar with the methods and techniques used by marijuana cultivators to avoid detection from law enforcement.

6.  The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7.  A tracking device was previously installed on the **Target Vehicle** on July 28, 2016, pursuant to a search warrant signed by the Honorable Carolyn K. Delaney (2:16-SW-0432 CKD).

## APPLICATION

8.  Based on my training and experience and the facts as set forth in this Affidavit, there is probable cause to believe that Leonard YANG is a participant in a Drug Trafficking Organization ("DTO"), and has committed the following violations ("the Target Offenses"):

    a.  21 U.S.C. § 841(a)(1) – Possession with intent to distribute and distribution of marijuana.

    b.  21 U.S.C. §§ 846 and 841(a)(1) – Conspiracy to cultivate and distribute marijuana.

9.  There is probable cause to believe that the use of tracking devices on the TARGET VEHICLE will reveal the travel patterns and drug trafficking activities of YANG. The Tracking device search warrant executed on the TARGET VEHICLE will identify more indoor marijuana growing locations, and identify additional co-conspirators associated with the cultivation of marijuana and the distribution of the marijuana produced by this indoor marijuana growing operation.

## BACKGROUND OF THE INVESTIGATION

10. The Sacramento DEA, Elk Grove Police Department and Homeland Security Investigation, referred to as the "Investigating Agencies," have been conducting a joint investigation into YANG and others involved in the YANG DTO. The YANG DTO is a criminal network involved in the cultivation and distribution of marijuana in the Sacramento area, which is located within the Eastern District of California. Law enforcement agencies have identified YANG and other members of the YANG DTO who are involved in the indoor cultivation, distribution and transportation of marijuana through surveillance.

## INITIAL APPLICATION AND INSTALLATION OF TRACKING DEVICE

11. On July 22, 2016, the United States District Court for the Eastern District of California approved a search warrant authorizing a tracking device on the **Target Vehicle** (2:16-SW-0432 CKD,) and the monitoring of that device for a period of 45 days. On July 28, 2016, law enforcement agents successfully installed a GPS tracker onto the **Target Vehicle**. Contemporaneous surveillance of the **Target Vehicle** done while monitoring the GPS tracker data has shown that the tracker appears to be functioning properly and monitoring is ongoing. In my experience using trackers, I believe the tracker is functioning properly. The current authorized period of monitoring ends on September 5, 2016.

12. The affidavit submitted with the original tracking application and warrant, a copy of which is attached, is hereby incorporated by reference.

## STATEMENT OF PROBABLE CAUSE

13. I provide the following additional facts and analysis based on the first forty days the **Target Vehicle** has been tracked.  Based on my training and experience, the travel detailed below appears to be consistent with the indoor cultivation of marijuana and packaging marijuana for distribution.

14. Agents have conducted surveillance of the Target Vehicle that observed Leonard YANG at previously identified address(s); 1735 Itasca Ave, Sacramento, California, 9501 Jeffcott Road, Wilton, California, 6340 Logan Street, Sacramento, California and 7918 and 7920 68th Street, Sacramento, California. The tracker has identified, and surveillance confirmed a new location associated with YANG's activity at 8982 Elder Creek Drive, Sacramento, California.

15. On August 15, 2016, SA Swenson observed Leonard YANG at 6340 Logan Street, Sacramento, California. SA Swenson observed two Asian males arrive in a Lexus bearing an Ohio license plate GHF6941, registered to Leonard Yang at 1924 Smoky Meadow Drive, Columbus, Ohio, and park next to the KIA bearing California license plate, 6LZE347 registered to Leonard Yang at 6340 Logan Street, Sacramento, California, in the driveway.  SA Swenson observed YANG enter the residence with the two Asian males who unloaded some items from the rear cargo of the Lexus [GHF6941].

16. At approximately 3:10 pm, SA Swenson observed YANG exit the Logan residence and depart driving the KIA [6LZE347].  SA Ramirez observed YANG arrive and park the KIA inside the gated driveway next to the Target Vehicle at 7918 68th Street,

Sacramento, California. SA Ramirez observed YANG exit the KIA [6LZE347] and enter the front door at 7920 68th Street.

17. At approximately 3:26 pm, SA's Ramirez and Swenson observed YANG depart 7920 68th Street driving the Target vehicle.

18. On August 29, 2016, while conducting surveillance, SA Swenson observed the Target Vehicle departing from 9501 Jeffcott Road, Wilton, California. Previously, on July 14, 2016, a SMUD investigator advised SA Swenson that SMUD identified the residence at 9501 Jeffcott Road, Wilton, California as using a large amount of electricity, in an excess of 27,000 kWh, which had blown the transformers servicing the residence. At this time, the SMUD investigator reported the incident to the Sacramento County Police Department and SMUD technicians had repaired and/or replace the transformer with a higher capacity one. On August 29, 2016, SA Swenson observed a blue Toyota Sienna bearing California license plate 5EQC702 [registered to Yixing Pan at 3209 Beretania Way, Sacramento, California], occupied by two adult Asian males, also driving from the vicinity of 9501 Jeffcott Road which appeared to be following the Target Vehicle from the Wilton area.

19. At approximately 1:55 pm, SA Swenson followed the Target Vehicle to 8982 Elder Creek Road, Sacramento, California. SA Swenson observed a Toyota Sienna [5EQC702] present at the Elder Creek residence. Previously, on August 10, 2016, SA Swenson observed the Toyota Sienna [5EQC702] at 1735 Itasca Ave, Sacramento, California a known address associated to YANG as being utilized to cultivate marijuana indoors.

20. At approximately 2:05 pm, SA Swenson observed a white Toyota RAV4 bearing California license plate 6UFK131 [registered to Sha Zhi Zhang at 9130 Nolan Street, Apt# 1037, Elk Grove, California] arrive and pull into the drive through garage. Previously On August 1, 2016, SA Swenson observed the same white Toyota RAV4 [6UFK131], along with a Toyota bearing California license plate, 7ROH945 registered

to a rental company, EAN Holdings LLC, 14002 East 21st Street, STE #1500, Tulsa, Oklahoma at 6340 Logan Street, Sacramento, California.

21. At approximately 3:00 pm, SA Swenson observed the Target Vehicle driven by YANG at the "Hydro City" business located at 8510 Morrison Creek Drive, Sacramento, California. "Hydro City" which is a hydroponics store that sells equipment used for indoor marijuana grows, among other things.

22. At approximately 3:15 pm, SA Swenson followed the Target Vehicle to the residence at 8982 Elder Creek Drive, Sacramento, California. SA Swenson observed the Toyota RAV4 [6UFK131] backed into the rolled up garage. SA Swenson observed the previously identified black Lexus bearing North Carolina license plate DJL6151 [registered to Yuping Yang at 918 Lily Green Court, Concord, North Carolina] parked next to the Target Vehicle. On August 25 2016, the Lexus [DJL6151] was observed by SA Ramirez and Swenson at 6340 Logan Street, Sacramento, California. Based on my experience, the Elder Creek address is an additional location being utilized by YANG and associates to either grow marijuana indoors or to process and distribute the marijuana.

23. As recently as August 30, 2016, SA's Swenson and Miguel Zavala observed the Target Vehicle at 1735 Itasca Way, Sacramento, California.

24. On August 30, 2016, SA's Swenson and Scott Martinez seized items used to cultivate marijuana; empty professional mix of potting soil plastic bags, a dome cover, two large plastic wrap rolls and marijuana cuttings from the garbage container at 7920 68th Sacramento, California. On this same date, SA Swenson and SA Zavala seized several cubes containing suspected marijuana clone plants from the garbage container at 6340 Logan Street, Sacramento, California.

**PROPOSED TRACKING DEVICE SEARCH WARRANT**

25. Based on the foregoing, as well as the information contained in the original tracker application affidavit, there is probable cause to believe that the **Target Vehicle**

continues to be used by YANG and others to facilitate a conspiracy to manufacture and distribute marijuana, in violation of 21 U.S.C. §§ 841 and 846, and that further evidence of this conspiracy, and the involvement of other persons involved in the conspiracy, will likely be found at the locations to which the **Target Vehicle** travels.

26. Authorization is therefore requested:

    a. To continue monitoring the previously installed mobile tracking device in the **Target Vehicle** for an additional 45 days (unless again extended by the Court);

    b. To continue the delay notice of the installation and use of the tracking device for a period of at least 30 days after the end of the authorized period of tracking (unless again extended by the Court), because there is reasonable cause to believe that providing immediate notification would cause adverse results, as defined by 18 U.S.C. § 2705(a)(2);

    c. To access and seize the **Target Vehicle** during the day time or night time as may be necessary to install, service repair, or retrieve the tracking equipment, but it may not be installed, serviced, repaired or retrieved if the **Target Vehicle** is parked within any fully enclosed structure associated with a residence;

    d. To seal this affidavit for the safety of the investigators involved in the investigation and to preserve the integrity of the investigation.

## REQUEST FOR DELAY IN NOTIFICATION

27. In accordance with 18 U.S.C. § 3103a(b) and Federal Rules of Criminal Procedure 41(f)(3), I request that the Court order delayed notification of the execution of the original GPS tracker warrant and this GPS tracker warrant until at least 30 days after the end of the authorized period of tracking (including any extensions thereof) because

there is reasonable cause to believe that providing immediate notification would cause adverse results, as defined at 18 U.S.C. § 2705(a)(2), including flight from prosecution or destruction of or tampering with evidence. Specifically, disclosing the tracking devices to YANG at this time would seriously jeopardize the United States' ongoing investigation into YANG and other known and unknown aiders and abettors, and or conspirators. Based on my training and experience and the training and experience of other law enforcement personnel with whom I have discussed this case and or who are participating in this investigation, revealing all participants involved in an illicit drug trafficking organization is a time consuming and labor intensive task. Often, such investigations are delayed by subpoena and record check results. If YANG were to learn that the TARGET VEHICLE is under surveillance, I believe co-conspirators would be alerted and I believe the organization would take extra precautionary measures in order to hamper the ongoing investigation. The United States reasonably anticipates that developing proof beyond a reasonable doubt of narcotics trafficking against all co-conspirators will take at least 30 days after the end of the tracking device's use. Disclosing the tracking device to YANG at this time would seriously jeopardize the current investigation of YANG and co-conspirators. In other words, disclosure of the tracking device at this time will very likely cause "adverse results" within the definition of 18 U.S.C. § 2705. Accordingly, good cause exists to delay disclosure.

## CONCLUSION

28. Based on the forgoing, there is probable cause to believe that the TARGET VEHICLE has been and is currently being used to commit the Target Offenses and therefore I request that the Court issue the proposed search warrant.

29. Therefore, I request that a warrant be issued to allow continued use/monitoring of a tracking device on the **Target Vehicle**. I further request that the warrant authorize DEA investigators or other authorized persons, to enter onto private property,

including the **Target Vehicle**, to change trackers or tracker batteries. I further request the warrant allow for the tracking of the movement of the device in the United States, both within and outside of the Eastern District of California, and in both public and private spaces and other private buildings not otherwise open to the public or open to public view. I further request authorization to monitor for a period of 45 days from the date of issue, unless extended by the Court for good cause. And, I further request that the warrant allow notification to be delayed for a reasonable period not to exceed 30 days after use of the tracking device has ended, unless further extended by the Court for good cause; and the warrant, and all associated documents including its application, affidavit, and Court's Order be filed under seal, except that copies of the Court's Warrant and Order in full or redacted form may be provided to special agents and other investigative and law enforcement personnel, as necessary to effectuate the Court's Warrant and Order.

## **REQUEST FOR SEALING**

30. The United States requests that the Court order this GPS tracker warrant and Affidavit be kept under seal until further order of the Court. The Affiant states that the criminal investigation against the YANG DTO and its members and further interviews, grand jury appearances, and search warrants are contemplated. Disclosure of the contents of this Affidavit could seriously impede the investigation by disclosing details of the government's investigation and evidence gathered in connection therewith. The targets and subjects of the investigation would be able to learn the present extent of the

//

//

//

31. government's knowledge and may seek to destroy evidence or flee from law enforcement. Accordingly, the affiant requests that the Court issue an order sealing this Affidavit until further order of this Court.


Alicia Ramirez
DEA Special Agent


Sworn and Subscribed to me on September __2__, 2016


Hon. DEBORAH BARNES
United States Magistrate Judge


Approved as to form:


Roger Yang, AUSA

### AFFIDAVIT AND APPLICATION IN SUPPORT OF TRACKER WARRANT

I, Alicia Ramirez, being duly sworn, hereby depose and state:

### INTRODUCTION

1.   I make this Affidavit under Rule 41 of the Federal Rules of Criminal Procedure and
     18 U.S.C. § 3117 and 28 U.S.C. § 1651 for a tracking device warrant and order
     authorizing the installation and Global Positioning System (GPS) mobile tracking device
     (herein "tracking device") for the following Target Vehicle: a 2016 Cadillac SUV
     ("**Target Vehicle**"), California license plate 7SJG945, VIN #3GYFNEE33GS577629,
     registered through the California Department of Motor Vehicles to, ACAR Leasing LTD,
     Leonard Yang, 1735 Itasca Ave, Sacramento, CA, 95833.

### AGENT BACKGROUND

2.   I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal
     Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal
     laws and duly authorized by the Attorney General to request a search warrant.

3.   I am a Special Agent of the United States Department of Justice, Drug Enforcement
     Administration (DEA) and have been so employed since August 1987.  I am currently
     assigned to the DEA Sacramento District Office charged with investigating major drug
     trafficking operating in the Eastern District of California, and elsewhere.  As a DEA
     Agent, I have assisted in the execution of search warrants on many occasions for
     controlled substances and/or related paraphernalia, indicia, and other evidence of
     violations of federal and state drug statutes.  I have participated in investigations targeting
     individuals and organizations trafficking heroin, cocaine, methamphetamine, marijuana,
     and other controlled substances.

4.   Through my training, experience, and interaction with other experienced Special Agents,
     Task Force Agents, and other drug investigators, I have become familiar with the

methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs, and to collect and conceal drug related proceeds, and to communicate with other participants to accomplish such objectives.

5.   I have received specialized training in narcotic investigation matters including, but not limited to, drug interdiction, drug detection, money laundering techniques and schemes, drug identification, asset identification and removal, and investigative techniques from the DEA. In the course of my duties while at the DEA Sacramento District Office, I have investigated large-scale indoor-marijuana organizations. I have specific experience in successfully identifying clandestine marijuana-growing operations, many of them within residential houses. I have become familiar with the methods and techniques used by marijuana cultivators to avoid detection from law enforcement.

6.   The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## APPLICATION

7.   Based on my training and experience and the facts as set forth in this Affidavit, there is probable cause to believe that Leonard YANG is a participant in a Drug Trafficking Organization ("DTO"), and has committed the following violations ("the Target Offenses"):

    a.   21 U.S.C. § 841(a)(1) – Possession with intent to distribute and distribution of marijuana.

    b.   21 U.S.C. §§ 846 and 841(a)(1) – Conspiracy to cultivate and distribute marijuana.

8.   There is probable cause to believe that the use of tracking devices on the TARGET VEHICLE will reveal the travel patterns and drug trafficking activities of YANG. The Tracking device search warrant executed on the TARGET VEHICLE will identify more

indoor marijuana growing locations, and identify additional co-conspirators associated with the cultivation of marijuana and the distribution of the marijuana produced by this indoor marijuana growing operation.

## BACKGROUND OF THE INVESTIGATION

9.   The Sacramento DEA, Elk Grove Police Department and Homeland Security Investigation, referred to as the "Investigating Agencies," have been conducting a joint investigation into YANG and others involved in the YANG DTO. The YANG DTO is a criminal network involved in the cultivation and distribution of marijuana in the Sacramento area, which is located within the Eastern District of California. Law enforcement agencies have identified YANG and other members of the YANG DTO who are involved in the indoor cultivation, distribution and transportation of marijuana through surveillance.

## STATEMENT OF PROBABLE CAUSE

10.   During the course of this investigation, agents have learned YANG is the owner of three residences: 1735 Itasca Ave, Sacramento, California, 9501 Jeffcott Road, Wilton, California, 6340 Logan Street, Sacramento, California, and associated with two additional residences: 7918 and 7920 68th Street, Sacramento, California, in the Sacramento area.

11.   On May 3, 2016, DEA SA Swenson submitted a list of the five properties to the Sacramento Municipal Utility District (SMUD) to check for high power consumption, consistent with growing marijuana plants indoors. SMUD's records indicated that all five of these properties use a large amount of power (over 10 times the average residential power usage of between 300-600 kwh/month) relative to their size, which is likely from the cultivation of marijuana.

12.   Agents have observed the TARGET VEHICLE at all five of the locations:1735 Itasca Ave, Sacramento, California, 9501 Jeffcott Road, Wilton, California, 6340 Logan Street, Sacramento, California, and 7918 and 7920 68th Street, Sacramento, California.

13.    On June 21, 2016, the Investigating Agencies established surveillance at 1735 Itasca Ave,
       Sacramento, California a residence owned by YANG with high Kilowatt-hour (kwh)
       usage. On this date, agents observed YANG leave the Itasca residence driving the
       TARGET VEHICLE. Agents followed TARGET VEHICLE, subsequently observing the
       TARGET VEHICLE at another residence 9501 Jeffcott Road, Wilton, California, owned
       by YANG. Agents have identified the Jeffcott residence as likely being utilized to
       cultivate marijuana. Specifically, SMUD service records for the period of June 10, 2016
       through July 11, 2016, show that the residence at 9501 Jeffcott Road Wilton, California
       used 27,588 kwhs, which exceeds the average usage of between 300-600 kwh / month for
       an average house. YANG remained at the Jeffcott residence for approximately half an
       hour and departed.

14.    On June 30, 2016, Agents established surveillance at 7918 and 7920 68th Street,
       Sacramento, California, a duplex, associated with YANG that SMUD records indicate is
       likely a marijuana grow house. On this date, agents observed the TARGET VEHICLE
       parked in the driveway of 7920 68th Street while a blue KIA minivan, bearing California
       license plate, 6LZE347 registered to Leonard YANG at 6340 Logan Street, Sacramento,
       California, arrived. Agents observed the KIA minivan back into the garage with the
       garage door immediately closing. It is my experience that the reason these vehicles are
       backed into the garage with the garage door immediately closing is to prevent authorities
       from observing the loading of items or unloading of items related to the cultivation of
       marijuana. On this date, agents observed the garage door open as YANG departed
       driving the KIA [6LZE347]. Agents observed YANG arrive at a Hydro City, 8510
       Morrison Creek Drive, Sacramento, California, a hydroponics store where equipment
       used in indoor marijuana grows is sold.

15.    Agents observed Hydro City employees load items in a black plastic bag into the rear of
       the KIA minivan. Agents observed YANG deposit an empty black plastic garbage bag
       taken from KIA minivan into a nearby garbage dumpster. In my experience this behavior

4 | P a g e

is consistent with individuals disposing of marijuana plant cuttings, or evidence of growing marijuana, away from the residence where the marijuana is being grown.

16.     Agents observed YANG driving in an evasive manner by pulling over to the side of the road on two occasions momentarily waiting for traffic to pass before continuing and returning to 7918 68th Street, Sacramento, California.  The KIA minivan was parked in the driveway next to the TARGET VEHICLE.

17.     Surveillance of TARGET VEHICLE revealed that during the period of June and July 2016, agents have observed several SUVs bearing out of state license plates at YANG's residence(s).  Specifically, at the Jeffcott residence on June 2, 2016, agents observed SUVs bearing Alabama, Louisiana, and newly purchased dealer license plates.  On June 22 and 28, 2016, agents observed several cars registered to YANG: a Lexus [Ohio lic. plate # GHF6941], the KIA minivan bearing California license plate 6LZE347, and the TARGET VEHICLE parked in the driveway of the duplex located at 7920 and 7918 68th Street, Sacramento, California.  On June 28 and 30, 2016, at 6340 Logan Street, Sacramento, California agents observed several cars: a rental car registered to a rental agency in Los Angeles, California, a vehicle registered in South Carolina, and a vehicle registered in Ohio.  This pattern is consistent with individual(s) who are cultivating marijuana to be transported for distribution in other states.

18.     A search of a law enforcement computer database for YANG was negative of any drug arrest information.

19.     I know through my training, experience, and discussion with other agents that individuals involved in drug trafficking often register vehicles in alias names, in the names of friends, or family members in an effort to avoid detection and identification by law enforcement.

## PROPOSED TRACKING DEVICE SEARCH WARRANT

20.     Based upon the foregoing facts and my knowledge and experience regarding controlled substance traffickers, I believe that a tracking device search warrant executed on the TARGET VEHICLE will result in the identification of locations being used to store or

stockpile and/or illegal proceeds, and/or the identification of individuals associated with the transportation and distribution of marijuana. Law enforcement has probable cause to believe that the TARGET VEHICLE is being used by YANG.

21. The proposed tracking device will utilize GPS tracking to determine the locations of the TARGET VEHICLE and to record its position at regular intervals in order to create a log of movements which can be viewed in real-time by agents on a secured website.

22. The tracking device will be installed on the TARGET VEHICLE wherever the TARGET VEHICLE is located in the Eastern District of California, but it may not be installed if the TARGET VEHICLE is parked within any fully enclosed structure associated with a residence. The tracking device will be installed within a time period no longer than ten calendar days from the date of issuance of this warrant. The search warrant return will be made to the issuing Magistrate Judge.

23. It is requested that this warrant authorize the use of the tracking device for a time period not to exceed 45 days, unless extended by the Court for good cause, during which time the TARGET VEHICLE can be monitored during daytime and nighttime hours, including tracking device signals produced from inside private garages and other locations not open to the public or visual surveillance, and signals produced in the event the TARGET VEHICLE leaves the Eastern District of California but remain within the United States, pursuant to 18 U.S.C. § 3117.

24. Based on my training and experience, as well as my consultation with other experienced law enforcement officers and technical personnel, I am aware that the device to be installed on the TARGET VEHICLE could require maintenance and/or reinstallation in the event that it stops transmitting or becomes detached from the undercarriage. I am also aware that maintaining and/or reinstalling the device in or on the TARGET VEHICLE could be a time-intensive process that could require agents and their associated technicians to access parts of the TARGET VEHICLE, including the undercarriage, which may not ordinarily be accessible to the public. Furthermore, in

order to maintain and/or reinstall the device without alerting YANG and other subjects of the investigation, and without endangering the safety of the agents and technicians performing the procedures, it could be necessary to maintain and/or reinstall the device during nighttime hours, when the targets of the investigation may be asleep or otherwise occupied away from the TARGET VEHICLE for long periods of time. In addition, safe completion of these procedures could require that agents and technicians enter a private area, such as private parking areas, where the TARGET VEHICLE may be located. Because opportunities during daylight hours to maintain and/or reinstall the tracking device without detection by the owners or others would pose a risk that the overall investigation would be compromised, I request that the Court authorize surreptitious entry at any time of day or night, in the event the device requires maintenance and/or reinstallation.

## REQUEST FOR DELAY IN NOTIFICATION

25.    In accordance with 18 U.S.C. § 3103a(b) and Federal Rules of Criminal Procedure 41(f)(3), I request that the Court order delayed notification of the execution of the GPS tracker warrant until at least 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification would cause adverse results, as defined at 18 U.S.C. § 2705(a)(2), including flight from prosecution or destruction of or tampering with evidence. Specifically, disclosing the tracking device to YANG at this time would seriously jeopardize the United States' ongoing investigation into YANG and other known and unknown aiders and abettors, and or conspirators. Based on my training and experience and the training and experience of other law enforcement personnel with whom I have discussed this case and or who are participating in this investigation, revealing all participants involved in an illicit drug trafficking organization is a time consuming and labor intensive task. Often, such investigations are delayed by subpoena and record check results. If YANG were to learn that the TARGET VEHICLE is under

surveillance, I believe co-conspirators would be alerted and I believe the organization would take extra precautionary measures in order to hamper the ongoing investigation. The United States reasonably anticipates that developing proof beyond a reasonable doubt of narcotics trafficking against all co-conspirators will take at least 30 days after the end of the tracking device's use. Disclosing the tracking device to YANG at this time would seriously jeopardize the current investigation of YANG and co-conspirators. In other words, disclosure of the tracking device at this time will very likely cause "adverse results" within the definition of 18 U.S.C. § 2705. Accordingly, good cause exists to delay disclosure.

## CONCLUSION

26.   Based on the forgoing, there is probable cause to believe that the TARGET VEHICLE has been and is currently being used to commit the Target Offenses and therefore I request that the Court issue the proposed search warrant.

27.   I further request that the warrant authorize the Investigating Agencies or other authorized persons, to enter onto private property, including the TARGET VEHICLE, to effect said installation. I further request the warrant allow for the tracking of the movement of the device in the United States, both within and outside of the Eastern District of California, and in both public and private spaces and other private buildings not otherwise open to the public or open to public view. I further request authorization to monitor for a period of 45 days from the date of issue, unless extended by the Court for good cause. I further request that the warrant allow the installation of the tracker be completed any time of the day or night 10 days from the issuance of the warrant. And, I further request that the warrant allow notification to be delayed for a reasonable period not to exceed 30 days after use of the tracking device has ended, unless further extended by the Court for good cause; and the warrant, and all associated documents including its application, affidavit, and Court's Order be filed under seal, except that copies of the Court's Warrant and Order

in full or redacted form may be provided to special agents and other investigative and law

enforcement personnel, as necessary to effectuate the Court's Warrant and Order.

### REQUEST FOR SEALING

28.    The United States requests that the Court order this GPS tracker warrant and Affidavit be

kept under seal until further order of the Court.  The Affiant states that the criminal

investigation against the YANG DTO and its members and further interviews, grand jury

appearances, and search warrants are contemplated.  Disclosure of the contents of this

Affidavit could seriously impede the investigation by disclosing details of the

government's investigation and evidence gathered in connection therewith.  The targets

and subjects of the investigation would be able to learn the present extent of the

government's knowledge and may seek to destroy evidence or flee from law

enforcement.  Accordingly, the affiant requests that the Court issue an order sealing this

Affidavit until further order of this Court.


Alicia Ramirez
DEA Special Agent


Sworn and Subscribed to me on July 22rd, 2016

Hon. CAROLYN K. DELANEY
United States Magistrate Judge


Approved as to form:

Roger Yang, AUSA

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

In the Matter of the Tracking of

A 2016 Cadillac SUV, California license plate
7SJG945, VIN #3GYFNEE33GS577629,
registered through the California Department of
Motor Vehicles to, ACAR Leasing LTD, Leonard
Yang

)
)
)
)
)
)

Case No. 2: 1 6 - SW - 5 3 0

SEALED

## TRACKING WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☒ is located in this district; ☐ is not now located in this district, but will be at execution; ☐ the activity in this district relates to domestic or international terrorism; ☐ other:

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that *(check the appropriate box)* ☐ using the object   ☒ installing and using a tracking device to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☒ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device:

**YOU ARE COMMANDED** to execute this warrant and begin using the object or installing the tracking device by __10__ *(not to exceed ten days)* and may continue use for __45__ days *(not to exceed 45)*. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*

☒ into the vehicle described above           ☒ onto the private property described in the application incorporated herein

☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☒ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)*   any authorized U.S. Magistrate Judge in the Eastern District of California   and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*

☒ for   __30__   days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   September 2, 2016 _____

_____
*Judge's signature*

City and state:   Sacramento, California _____

Deborah L. Barnes, U.S. Magistrate Judge
_____
*Printed name and title*

Case No.

## Return of Tracking Warrant With Installation

1.    Date and time tracking device installed:

2.    Dates and times tracking device maintained:

3.    Date and time tracking device removed:

4.    The tracking device was used from *(date and time)*:

    to *(date and time)*:

---

Return of Tracking Warrant Without Installation

1.   Date warrant executed:

2.   The tracking information was obtained from *(date and time)*:

    to *(date and time)*:

---

Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
Executing officer's signature

_____
Printed name and title